**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MAZZEO UNUM,

                Plaintiff,

v.

ROCKLAND COUNTY, et al.,

                Defendants.

No. 13-CV-1108
(MAD/CFH)

---

**APPEARANCES:**

MAZZEO UNUM
Plaintiff, Pro Se
171-176 Sheridan Avenue
Apartment #6
Albany, New York 12210

**OF COUNSEL:**

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION and ORDER**

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Mazzeo Unum ("Unum"). Compl. (Dkt. No. 1). Unum has also filed a motion to proceed in forma pauperis (IFP). Dkt. No. 2.

**II. DISCUSSION**

**A. In Forma Pauperis Application**

Turning first to Unum's IFP application, the application is presently incomplete. In Unum's application, he indicates in Question 3 that he both receives and does not receive "[b]usiness, profession or other self-employment," and "[d]isability or worker's compensation payments." Dkt. No. 2 at 1. Further, Unum also states that he receives rent payments or

interest and dividends. Id. However, where the question further asks him to "describe each source of money and state the amount received and what you expect you will continue to receive," Unum fails to further elaborate upon the question. Id. at 2. Instead, Unum has provided documentation which appears to most recently show that he receives disability income of approximately $1,300 per month (Id. at 9), has a garnishment of $186 per month (Id.) which may or may not be connected to earlier child support payments of approximately $351 dollars per month (Id. at 6) which Unum was to pay, and assistance with rent of approximately $300 per month (Id. at 7). However, Unum does not indicate that these figures are accurate or presently reflect his financial situation. Without knowing this information, the Court is unable to determine whether the motion for IFP should be granted or denied. Therefore, at this time, the application is denied; however, if Unum chooses to submit a completed application it will be considered in due course.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additional pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain,

inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a

-3-

heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

While such a review need not be completed given the deficiencies in the IFP applications, the undersigned undertook it regardless in an attempt to increase judicial efficiency in the event that Unum submitted a proper IFP application and the case is attempted to be moved forward. A review of the complaint reveals that the pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The complaint is, at best, disjointed and confusing. Unum uses the Court's pro forma complaints used in actions brought pursuant to the Americans with Disability Act, 42 U.S.C. §§ 12101 et seq., and employment discrimination, 29 U.S.C. §§ 621-634(b). Compl. at 1, 6. However, most of the pre-printed information included in such forms, such as the jurisdictional basis, is filled with information that is irrelevant to those sections. Further, in the prayer for relief, Unum asks for relief which is clearly inappropriate including death by guillotine or "dropping a weight greater than that of the skull to crush the cranium and its contents, the use of

electricution [or] lethal injection [is] less desirable." Id. at 8. For all other sections where specific facts are solicited, Unum simply provides incoherent ramblings and lists of identifying information or statutory schemes and associated language. Moreover, the complaint is completely devoid of any factual allegation against any specific defendant by which this Court can assess the nature of the suit and any wrongdoing by any particular defendant. The pro forma Civil Cover Sheet attached to the complaint provides no further insight as multiple options are selected. Further, the hundreds of pages of attachments are also unhelpful as they fail to provide any insight into what type of action Unum is attempting to state. Much of this additional documentation relates to issues with securing housing and complaints against psychologists and attorneys and the provision of medical treatment. To the extent that these are the true bases for Unum's complaint, it is unclear how each defendant contributed to any such alleged wrongs dealing with Unum's medical treatment or housing placement. After reviewing the complaint and attachments, the Court is utterly perplexed as to what Unum claims are the wrongs inflicted upon him, his damages, and why he is seeking Court intervention.

In sum, Unum's complaint in its current form fails to satisfy the basic pleading requirements and fails to state a claim for relief. As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of Unum's pro se status, this Court recommends that prior to dismissing this action, Unum be directed to amend his complaint to provide clearer details regarding his claims. Specifically, Unum is directed to draft a complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678

-5-

(citations omitted).  Unum will have to allege specific facts sufficient to plausibly state that the named defendants deprived him of constitutional or statutorily protected rights.

Moreover, although previously discussed in what appears to be a similar incoherent complaint filed by Unum in Mazzeo-Unum v. Dep't of Transportation, No. 12-CV-1856, 2013 WL 2636159 (N.D.N.Y. June 12, 2013) (Ex. A)[1], using such pro forma complaint forms without properly alleging the elements of either an ADA or employment discrimination claims results in dismissal due to a failure to state a claim.  As outlined in that prior decision:

> the Court notes that Title VII precludes certain employment practices that discriminate against employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). In reviewing the pro forma Title VII Complaint submitted by Plaintiff, it is unclear to this Court why Plaintiff has brought such an action in that he neither claims to be an employee (or past employee) of the named Defendants nor that they subjected him to unlawful employment practices . . . He further asserts that he did not bring a claim before the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discriminatory acts . . . According to the relevant statutory framework, only after charges are brought before the EEOC and a right-to-sue letter is obtained may an aggrieved party bring an action for relief in federal court. 42 U.S.C. § 2000e–5(e); see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir.2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII ... statutory scheme[ ] and, as such, a precondition to bringing such claims in federal court."). Plaintiff has patently failed to satisfy these prerequisites prior to filing this action, and he has not provided any explanation thereto. Thus, in addition to failing to state a proper claim of discrimination under Title VII, Plaintiff's failure to exhaust his administrative remedies prior to bringing this action provides another basis for dismissal of the Title VII claim.

Id., 2013 WL 2636159, at *2 (Ex. A).  Similarly, in the present complaint, Unum has failed to

---

[1] This unpublished decision will be attached to this Report-Recommendation and Order.

indicate that he was an employee of defendant or that he was subjected to unlawful employment practices. Moreover, even though Unum indicates that he filed charges with the New York State Division on Human Rights in September of 2013 (Compl. at 4), the only documentation that is attached is dated in March of 2013, not September, and also indicates that there was no probable cause to sue regarding any alleged discrimination. Compl., Ex. DO. Accordingly, amendment will be futile unless these deficiencies too are remediated.

The same holds true for the ADA claim, which was also the subject of Mazzeo-Unum v. Dep't of Transportation. In that instance, the Court determined:

> The ADA prohibits discrimination against a person with a disability by reason of that disability. The primary problem with Plaintiff's ADA claim is his failure to identify the nature of his disability. "Disability" is defined in the ADA as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Instead of stating his disability, Plaintiff references two prior cases filed in this District, neither of which have any connection to this action.

Mazzeo-Unum, 2013 WL 2636159, at *2 (Ex. A). In this complaint, Unum does refer to two earlier cases, one of which is pending before another magistrate judge and the second of which was previously dismissed by the undersigned for failure to state a claim. Comprehensive Med. Care Servs. v. New York State Commission of Corr., No. 13-CV-864, Dkt. Nos. 5 & 6. The second case, cited herein, was liberally read to allege a potential Eighth Amendment deliberate indifference to a serious medical need claim, and not one stemming from the ADA. Accordingly, the issues and defendants have nothing in common. Similarly, while still pending, the first case also names different defendants than those named herein, and presumably deals with unique and distinct subject matter. Unum v.

Dep't of Taxation and Finance, No. 13-CV-586. While some of the documents attached to the complaint indicate a variety of health issues, none of these documents provides a clear picture as to what Unum contends is his present disability. Additionally, Unum never states in his complaint what disability he allegedly suffers from or how that was the genesis of any discrimination he may have encountered. Similarly, amendment of this claim too will be futile unless these deficiencies are cured.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that the Clerk provide Unum with a new IFP application form; and it is further, **ORDERED** that within thirty (30) days of the date of this Order, Unum resubmits a complete application or pays the full $400.00 filing fee. If plaintiff fails to provide a complete IFP application or pay the filing fee in full within the thirty (30) days, the case will be forwarded to the District Court judge for dismissal; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Unum's complaint is **DISMISSED** for failure to comply with the pleading standards and state a claim; and it is further

**RECOMMENDED** that alternatively, in light of his pro se status, prior to dismissing Unum's complaint in its entirety, he be provided an opportunity to amend his complaint to expand upon the facts that would support his claim for entitlement to relief; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on

-8-

the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 18, 2013
        Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge