**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MAZZEO UNUM,**

                      **Plaintiff,**

  vs.                                                  **1:13-cv-1108**
                                                             **(MAD/CFH)**

**ROCKLAND COUNTY; NY OFFICE OF
CHILD AND FAMILY, Executive
Office; CHILD PROCESS CENTERS;
SUPREME COURT; ADULT CHILD
SUPPORT UNITS IN AMERICA;
EMPIRE STATE PLAZA, Dept. of Law;
FAMILY SERVICES FOR CHILDREN
AND ADULTS; CHILD/ADULT PROCESS,
NYS Child Support; MENTAL HEALTH
HYGIENE,**

                      **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**MAZZEO UNUM**
171 Sheridan Ave.
Apt. #6
Albany, New York 12210
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action in September 2013 against a myriad of federal, state, and local government entities. *See* Dkt. No. 1. It is nearly impossible to discern what causes of action Plaintiff's complaint alleges, or how each of the named Defendants have allegedly caused Plaintiff harm. Plaintiff's complaint is actually two separate form complaints – one for claims arising from employment discrimination based up on age, and the other for claims brought pursuant to the Americans with Disabilities Act. Plaintiff's Civil Cover Sheet also indicates that the nature of his

suit includes, among other things, claims for Social Security benefits, violations of the Truth in Lending Act, and penalties under the Occupational Safety and Health Act. *See* Dkt. No. 1-1.

In a December 18, 2013, Report-Recommendation and Order, Magistrate Judge Christian F. Hummel denied Plaintiff's application to proceed *in forma pauperis* and reviewed the sufficiency of the complaint. *See* Dkt. No. 5. Magistrate Judge Hummel noted that "[t]he complaint is, at best, disjointed and confusing," *id.* at 4, and concluded that the complaint failed to satisfy basic pleading requirements and failed to state a claim for relief, *see id.* at 5. As such, Magistrate Judge Hummel recommended that the Court dismiss the complaint. Magistrate Judge Hummel recommended that, in the alternative, Plaintiff be given the opportunity to amend the complaint in light of his *pro se* status.

On February 13, 2014, Plaintiff renewed his application to proceed *in forma pauperis*. Magistrate Judge Hummel issued another Report-Recommendation and Order on February 24, 2014, finding that Plaintiff had cured the deficiencies in his *in forma pauperis* application. *See* Dkt. No. 7. Since no amended complaint was filed, Magistrate Judge Hummel again recommended dismissal of Plaintiff's complaint or, in the alternative, an opportunity for Plaintiff to amend. *See id.* Plaintiff has not objected to either of Magistrate Judge Hummel's Report-Recommendations, and has not filed an amended complaint.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16,

2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Hummel's Report-Recommendation and Orders and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should dismiss Plaintiff's complaint. A review of Plaintiff's complaint makes clear that it suffers from serious deficiencies. However, the Court declines to adopt Magistrate Judge Hummel's recommendation that Plaintiff be given an opportunity to amend. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend,

however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, the Court finds that amendment would be futile. Reading the complaint liberally, there is no "suggest[ion] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and . . . should therefore be given a chance to reframe." *Cuoco*, 222 F.3d at 112. The Court also notes that this action is one among a series of frivolous actions brought by Plaintiff in this district and elsewhere, and in none of those actions has Plaintiff been able to state a claim for relief in comprehensible form.[1] Moreover, although afforded the opportunity to do so, Plaintiff has not objected to Magistrate Judge Hummel's Report-Recommendations or filed an amended complaint.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Orders (Dkt. Nos. 5, 7) are **ADOPTED in part and REJECTED in part**; and the Court further

**ORDERS** that this action is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: April 14, 2014

Mae A. D'Agostino
U.S. District Judge

---

[1] *See Unum ex rel. Neuro-Medical Diagnostic Care Services P.C. v. Dept. of Transitional Assistance*, No. 1:13-cv-1593, Dkt. No. 6 at 5-11 & n.7 (N.D.N.Y. Jan. 6, 2014) (report-recommendation and order) (collecting cases).